UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENORRIS EUGENE
HARDY, SR.,

    Plaintiff,

vs.

STRAYER UNIVERSITY,
LLC; and KARL
MCDONNELL,

    Defendant.

Case No.
6:25-cv-1136-WWB-RMN

## ORDER

    This matter is before the Court without oral argument on Plaintiff's Motion for Sanctions (Dkt. 19), filed on August 5, 2025.

    The motion is denied for three reasons. First, all pleadings, motions, and other papers filed in this Court must comply with the requirements of Local Rule 1.08, unless otherwise modified by a court order. That rule requires filings to be typewritten papers, using certain typefaces and sizes. *See* Local Rule 1.08(a)–(b). The rule also requires the use of double-spacing for a filing's main text. *See id.* 1.08(a). The motion does not comply with these requirements and is therefore due to be denied.

Second, Local Rule 3.01(a) requires that every motion "include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." The motion does not include a legal memorandum and so does not comply with the requirements of Local Rule 3.01(a).

Third, for most motions, Local Rule 3.01(g) requires litigants to confer with opposing parties and include in the motion a certification. The motion does not include a certification. Nor does it appear Plaintiff attempted to meaningly confer with Defendants before filing the motion. Though Plaintiff attaches several emails to the motion, an exchange of emails between counsel is often insufficient, and the emails here reflect the absence of a substantive discussion concerning the issues raised in the motion.

Lastly, Plaintiff is cautioned that, even though he proceeds here pro se, "he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure" and the Court's Local Rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). As the Eleventh Circuit has noted, these "rules provide for sanctions for misconduct and for failure to comply with court orders." *Id.* Plaintiff's pro se status does not excuse noncompliance with the Court's procedural rules. *See Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 913–14 (11th Cir. 2010) ("'[P]rocedural rules in ordinary civil litigation' should not be interpreted 'so as to excuse

mistakes by those who proceed without counsel.'" (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993))).[1]

Accordingly, it is **ORDERED** that Plaintiff's Motion for Sanctions (Dkt. 19) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 13, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Lenorris E. Hardy, Sr.
125 East Pine Street, Apt. 1107
Orlando, Florida 32801

Counsel of Record

---

[1] Although an unpublished decision does not serve as binding precedent, the *Kelly* opinion is persuasive authority. *See, e.g.*, 11th Cir. R. 36-2.