UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENORRIS EUGENE
HARDY, SR.,

    Plaintiff,

vs.

STRAYER UNIVERSITY,
LLC; and KARL
MCDONNELL,

    Defendants.

Case No.
6:25-cv-1136-WWB-RMN

## ORDER

This matter is before the Court without oral argument on a motion to stay discovery (Dkt. 17), filed by Defendants Strayer University, LLC and Karl McDonnell on August 1, 2025. Plaintiff did not respond, and the deadline to do so has passed. *See* Fed. R. Civ. P. 6(c)(1); Local Rule 3.01(c); *see also* Fed. R. Civ. P. 6(d). Consequently, the Court may adjudicate "the motion on the papers before" it. *Woodham v. Am. Cystoscope Co. of Pelham, N.Y.*, 335

F.2d 551, 556 (5th Cir. 1964).[1] The motion has been referred to a magistrate judge for adjudication.

## I.  BACKGROUND

Plaintiff, who is proceeding pro se, sues his former university and a university administrator for breach of contract and conspiracy. *See* Dkt. 1.1 ("Comp.") ¶¶ 11–21. According to the allegations in the Complaint, Plaintiff enrolled as a student at Strayer University beginning in 2009 while serving on active duty in the United States Army. *Id.* ¶ 6. In 2016, he was placed by the university on suspension or probation after receiving grades of incomplete in a few courses. *Id.* ¶¶ 7, 12. A dean from the university required Plaintiff to sign "a contract stating that he will receive an A on his final two courses and the Plaintiff would have to go out and apply to another college to receive additional credits outside of his degree plan to graduate." *Id.* ¶ 12. Thereafter, a different employee "entered into another agreement with Plaintiff that they would pay all costs for Plaintiffs final two courses, and that they would replace Plaintiffs final two grades with all failed attempts which would produce a higher GPA for the Plaintiff." *Id.* ¶ 12. Although Plaintiff "completed his final two courses with satisfactory grades" and graduated in 2020, *id.* ¶¶ 6, 14, he apparently did not receive "A" grades, *id.* ¶ 15. Because

---

[1] Decisions of the former Fifth Circuit rendered before October 1, 1981, are binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of this, Plaintiff "is unable to enroll in any law school" and has suffered "economic damage." *Id.* ¶ 16.

Defendants have moved to dismiss Plaintiff's claims. Dkt. 8. They also moved to stay discovery, which motion is considered here. Dkt. 17.

## II. LEGAL STANDARDS

Staying discovery pending a motion to dismiss is the exception, not the rule. *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021). This is so because suspending discovery indefinitely "tend[s] to delay resolution of cases." *Fetchick v. Eslinger*, No. 6:15-cv-96, 2016 WL 8929252, at *1 (M.D. Fla. Jan. 11, 2016). In assessing whether to stay discovery until a motion is decided, a district court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Garvin v. Effingham Cnty. Sch. Dist.*, No. 4:23-cv-337, 2024 WL 2092990, at *1 (S.D. Ga. May 7, 2024).

## III. ANALYSIS

Defendants contend that discovery should be stayed because the Court is likely to find certain case dispositive arguments persuasive and grant the pending motion to dismiss. Dkt. 17.

Upon a preliminary review, Defendants motion to dismiss does not appear meritless. *See, e.g.*, *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-cv-32, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss was not "meritless on its face"). Specifically, Plaintiff's claims turn on allegations that he and the university reached one or more agreements concerning has suspension or probation.[2] Comp. ¶¶ 7, 12. In their motion to dismiss, Defendants argue in part that Plaintiff's claims are time-barred. *See* Dkt. 8 at 7–8, 14–15. On this point, Defendants appear to be correct. *Compare id. with* Fla. Stat. §§ 95.11(3)(k) (providing four-year limitations period for breach of contract claims), 95.11(3)(o) (providing four-year limitations period for claims not specifically enumerated in statute). Both Plaintiff's claims appeared to be time-barred under a common-sense reading of the allegations in the Complaint, which place the latest possible date of injury in 2020. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (district courts "draw on [their] judicial experience and common sense" when construing the allegations in a complaint); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint.").

---

[2] The Complaint contains a separate claim for legal fees. Comp. ¶ 22–23. But that claim must rest on a breach of the alleged contracts, and so it shares the same fate as Plaintiff's time-barred claims.

Additionally, given that Plaintiff likely cannot cure the deficiencies in the Complaint, the Court need not provide Plaintiff with an opportunity to file an amended complaint. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (a district court need not grant leave to amend if "a more carefully drafted complaint could not state a claim"). And so, a preliminary peak at just one of the grounds raised in Defendants' motion to dismiss establishes a likelihood that this case may be dismissed in its entirety. *See, e.g.*, *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) (collecting cases).

This is also a rare case in which it is appropriate and reasonable to stay discovery.[3] A cursory review of the docket reveals that Plaintiff has undertaken the prosecution of his claims in an aggressive,

---

[3] Though Defendants rely on *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), that case is less helpful than it appears. True, the Eleventh Circuit held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.* at 1367–68. But this holding is limited to the particular circumstances of that case, which involved a novel cause of action that was "especially dubious" and significantly enlarged the scope of discovery. *Id.* Like other judges in this District, I understand *Chudasama* to "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, No. 3:04-cv-194, 2007 WL 1877887, at *1 (M.D. Fla. Jun. 28, 2007)).

unprofessional manner. *See, e.g.*, Dkt. 23-1 at 2–32 (compilation of emails from Plaintiff containing disparaging comments directed at opposing counsel). Among other much more significant concerns, such behavior greatly increases the litigation expenses of opposing parties. A limited stay of discovery is an appropriate and reasonable means to mitigate the additional, unwarranted costs imposed on Defendants because of Plaintiff's inappropriate behavior.

## IV.  CONCLUSION

Accordingly, it is **ORDERED**:

1.Defendant's Motion to Stay Discovery (Dkt. 17) is **GRANTED**; and

2.All discovery is stayed until the Court directs otherwise.

**DONE** and **ORDERED** in Orlando, Florida, on August 19, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Lenorris E. Hardy, Sr.
125 East Pine Street, Apt. 1107
Orlando, Florida 32801

Counsel of Record