UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LENORRIS E. HARDY, SR.,

    Plaintiff,

vs.

STRAYER UNIVERSITY, LLC; and KARL MCDONNELL,

    Defendants.

Case No.
6:25-cv-1136-WWB-RMN

# ORDER

This matter is before the Court without oral argument on a motion for remand (Dkt. 11) filed by the Plaintiff, Lenorris E. Hardy, Sr. The Defendants, Strayer University, LLC and Karl McDonnell, filed a response in opposition. Dkt. 14. The Motion is referred to a magistrate judge for adjudication.[1] Upon consideration, the Motion is denied.

---

[1] Because a motion for remand is not one of the eight exceptions to a magistrate judge's authority to "hear and determine any pretrial matter," 28 U.S.C. § 636(b)(1)(A), the Motion is adjudicated by order, subject to clear-error review by a district judge. *Stewart v. Underwriters at Lloyd's, London*, No. 2:24-cv-326, 2025 WL 615181, at *2 (M.D. Fla. Feb. 26, 2025) ("A remand motion is not among the eight exceptions" found in 28 U.S.C. § 636(b)(1)(A).).

## I.  BACKGROUND

Plaintiff sues his former university and a university administrator for breach of contract and conspiracy. *See* Dkt. 1-1 ("Comp.") ¶¶ 11–21. According to the allegations in the Complaint, which I accept as true, the Plaintiff enrolled as a student at Strayer University beginning in 2009 while serving on active duty in the United States Army. *Id.* ¶ 6. In 2016, he was placed by the university on suspension or probation after receiving grades of incomplete in a few courses. *Id.* ¶¶ 7, 12. A dean from the university required Plaintiff to sign "a contract stating that he will receive an A on his final two courses and the Plaintiff would have to go out and apply to another college to receive additional credits outside of his degree plan to graduate." *Id.* ¶ 12. Later, a different employee "entered into another agreement with Plaintiff that they would pay all costs for Plaintiffs final two courses, and that they would replace Plaintiffs final two grades with all failed attempts which would produce a higher GPA for the Plaintiff." *Id.* ¶ 12. Although Plaintiff "completed his final two courses with satisfactory grades" and graduated in 2020, *id.* ¶¶ 6, 14, he apparently did not receive "A" grades, *id.* ¶ 15. Because of this, Plaintiff "is unable to enroll in any law school" and has suffered "economic damage." *Id.* ¶ 16.

In the Complaint, Plaintiff brings two claims, one for breach of contract and the second for conspiracy. Dkt. 1-1 ¶¶ 12–16 (count 1), 18–21 (count 2). He demands $50,000 for his injuries in each count. *Id.*

¶¶ 16, 21. He also states the "amount in controversy exceeds $100,000.00." *Id.* ¶ 3. The Defendants timely removed the lawsuit to federal court. Dkt. 1 at 1–7.

## II. LEGAL STANDARDS

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Here, that requires a showing of complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a).

## III. ANALYSIS

Plaintiff first contends that removal to federal court here was improper because the Complaint contains only state-law claims and that "complete diversity and the amount in controversy . . . are [f]ederal [d]efenses that [c]annot be the [b]asis" for removal. Dkt. 11 at 4–6. Defendants respond, relying on the Court's diversity jurisdiction. Dkt 14 at 7–8.

A defendant may remove any civil action from state court to federal court if it could have been filed in federal court originally. 28 U.S.C. § 1441(a). Removal may be based on "diversity of citizenship." *Id.* § 1441(b). This Court's diversity jurisdiction extends over "actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs," that involve claims between citizens of different states, citizens of a state and foreigners who are not lawful residents of the United States, and citizens of a state and a foreign state. 28 U.S.C.

§ 1332(a). And so, Plaintiff's argument misses the mark. Complete diversity and the amount in controversy are not defenses. They are elements that the Defendants must prove to show the Complaint could have been filed in federal court originally.[2]

Next, Plaintiff contends that the Defendant have not proven the amount in controversy, arguing that the Defendants have done nothing to prove the amount of damages and, in any event, the amount is disputed. Dkt. 11 at 7–8. Defendants, on the other hand, point to the allegations in the complaint, arguing the Court may rely on the amounts alleged in the Complaint. Dkt. 14 at 7.

When "a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.*

---

[2] Plaintiff may also be attempting to argue that the Defendants cannot based removal on an affirmative defense that relies on federal law. *See, e.g.*, Dkt. 11 at 7–8 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). But removal here was based solely on diversity jurisdiction, not federal question jurisdiction, and so it is unnecessary to address Plaintiff's arguments concerning federal question jurisdiction.

The Eleventh Circuit has adopted a "plaintiff-viewpoint rule" that requires district courts to measure the monetary value of the dispute solely from a plaintiff's perspective. *Ericsson GE Mobile Commc'n, Inc. v. Motorola Commc'n & Elec.*, 120 F.3d 216, 218 (11th Cir. 1997). In other words, "the value of the plaintiff's right sought to be enforced must exceed the jurisdictional amount in order to confer federal jurisdiction." *Id.* (internal quotation marks and citation omitted). Thus, the question is whether the Complaint, on its face, shows that the monetary value of the relief sought more likely than not exceeds $75,000. *Roe*, 613 F.3d at 1065.

The Court agrees with the Defendants. In the Complaint, Plaintiff values his injury for the breach of contract at $50,000 and his injury for the civil conspiracy tort claim at $50,000. When taken together, the sum of the claimed damages is more than $75,000. That Plaintiff seeks separate amounts for his claims is a reasonable assumption, given the statement in the Complaint that the "amount in controversy exceeds $100,000.00." Dkt. 1-1 ¶ 3; *see also Roe*, 613 F.3d at 1061–62 ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). And so I find that the

Defendants have satisfied their burden to establish the basis for the Court's diversity jurisidciton.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Remand (Dkt. 11) is **DENIED**.

### Notice to Parties

Pursuant to Federal Rule of Civil Procedure 72(a), any party may file a written objection to this order within fourteen days of receipt. A party that fails to timely object to an order issued by a magistrate judge may waive the right to challenge the order later.

**DONE** and **ORDERED** in Orlando, Florida, on August 29, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Lenorris E. Hardy, Sr.
125 East Pine Street, Apt. 1107
Orlando, Florida 32801

Counsel of Record